UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

LONNY DITELLA :

: ORDER

Plaintiff, 26 Civ. 9221 (AT) (GWG)

:

-v.-

:

EQUIFAX INFORMATION SERVICES LLC :

:

Defendant.

---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

With regard to the motion to seal (Docket # 5), there is a three-part test for determining whether court documents may be filed with redactions or under seal. First, the court must determine whether the documents are "judicial documents" to which a presumption of access attaches. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). Second, if the documents are judicial documents, the court must determine the weight of the presumption of access. Id. Third, the court must balance "competing considerations" against the weight of the presumption of access. Id. at 120

As to the first two elements, case law has settled that the complaint in a case is a judicial document to which a strong presumption of access attaches. See Bernstein v. Bernstein Litowitz Berger & Grossman LLP, 814 F.3d 132, 140 (2d Cir. 2016) ("A complaint . . . is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision.") (citation omitted); Under Seal v. Under Seal, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017) ("The weight of this presumption is heavy, for the documents are pleadings and motion-related filings that are essential to adjudication.").

While the Court accepts that plaintiff wishes to keep his financial affairs private, those matters are essential to the understanding of the complaint in this case and thus his concerns do not outweigh the presumption of public access. Nonetheless, we accept that plaintiff's interests in privacy do outweigh the presumption of public access as to: (1) the specific dollar amounts set forth in paragraphs 2, 11, 12, 13, and 14; (2) the names in the "Creditor or Company" column in the table contained in paragraph 25; and (3) the items in the "What was denied" column in the table contained in paragraph 25

Accordingly, the Clerk is directed to temporarily seal the Complaint (Docket # 1). The motion to seal (Docket # 5) is granted; however, this grant is conditional on plaintiff filing on or

before November 13, 2026, a letter attaching a version of the complaint that is redacted in accordance with this Order. If plaintiff fails to do so, the complaint will be unsealed.

SO ORDERED.

Dated: November 6, 2026
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge